RECEIVED

DEC - 7 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                             CIVIL ACTION NO. 10-0008
                                               JUDGE TOM STAGG

WENDI LABORDE

## MEMORANDUM RULING

Before the court is an unopposed motion for summary judgment filed by the United States of America ("the government"), the plaintiff. See Record Document 5. Based on the following, the government's motion for summary judgment is **GRANTED**.

### I. BACKGROUND

A.    Facts.[1]

Wendi L. LaBorde ("LaBorde") executed and delivered to the government through the United States Department of Education ("DOE") a promissory note

---

[1] As the defendant has failed to set forth any facts in opposition to the government's motion for summary judgment, the court deems admitted the government's statement of facts and adopts the facts contained therein in their entirety. See Local Rule 56.2.

dated June 20, 2000. DOE made three disbursements pursuant to the note in the aggregate of $219,243.42, bearing interest at a rate of 8.25% per annum, to satisfy nine existing student loans to LaBorde. DOE is the current owner and holder of the note and has demanded payment of the note in accordance with its terms. LaBorde defaulted on the note on January 16, 2007, as a result of her failure to honor the demand. As of June 25, 2009, there is past due and owing under the note principal in the amount of $318,458.11[2] and interest in the amount of $76,002.56. Interest of $71.97 accrues daily after June 25, 2009. See Record Document 5.

**B. Procedural History.**

On January 5, 2010, the government filed this lawsuit seeking payment of the debt. See Record Document 1. LaBorde has not formally filed an answer. However, LaBorde sent a letter to the United States Attorney for the Western District of Louisiana stating that she disputes the amount in controversy. See Record Document 3. The government has placed this letter in the record and has

---

[2]In its motion for summary judgment, the government acknowledges that documentation supporting one of the loans includes collection costs of $20,378.96. See Record Document 5 at n.5. The government admits that it can offer no evidence as to whether the costs were, in fact, incurred or as to the reasonableness of the costs and therefore, "concede[s] any adjustment to the collection costs the Court deems appropriate." See id.

2

treated it as an answer. On October 15, 2010, the government filed a motion for summary judgment, to which LaBorde still has never responded. See Record Document 5.

## II. LAW AND ANALYSIS

**A.    Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004)(citations and

quotations omitted). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005).

**B.     LaBorde's Failure To Respond To The Government's Motion.**

The government served on LaBorde a copy of its motion for summary judgment on October 15, 2010. See Record Document 5. To date, LaBorde has not responded. Local Rule 7.5W requires a respondent opposing a motion to "file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion." LaBorde failed to oppose the motion for summary judgment within the required twenty-one day period. Federal Rule of Civil Procedure 56 states the following:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Fed. R. Civ. P. 56(e)(2).

LaBorde's failure to oppose the government's motion for summary judgment is, standing alone, an insufficient basis for a grant of summary judgment, as the government still must establish the absence of a genuine issue of material fact to prevail on its motion. See Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985). However, as discussed below, the court finds it appropriate to enter summary judgment against LaBorde.

**C.     The Government's Action On The Note.**

"To recover on a promissory note, the government must show (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." United States v. Lawrence, 276 F.3d 193, 197 (5th Cir. 2001). In support of its motion for summary judgment, the government provided the declaration of Delfin M. Reyes ("Reyes"), a loan analyst with DOE, and a certificate of indebtedness. See id. at 195-96 (defining a certificate of indebtedness as "signed statements by a DOE loan analyst certifying that DOE's records listed the debt as unpaid" and stating that the affidavit of a DOE loan analyst satisfied the requirements of both Federal Rule of Civil Procedure 56(e) and the business records

exception to the hearsay rule). These two documents provide detailed calculations of the amounts owed by LaBorde.[3]

The government has met its burden of showing that there is no genuine issue as to any material fact. It has produced a copy of the note. <u>See</u> Record Document 5, Ex. B. As mentioned, the government has also produced a certificate of indebtedness that establishes that payment of the note is in default and the outstanding balance of the note. <u>See</u> Record Document 1. Finally, LaBorde has failed to rebut any of the evidence presented. <u>See</u> <u>United States v. Irby</u>, 517 F.2d 1042, 1043 (5th Cir. 1975) (burden of showing whether appropriate credits have been given should be placed upon the defendant). Accordingly, the government's motion for summary judgment is **GRANTED.**

---

[3] Although LaBorde's letter to the government (which has been construed by the government as an answer) disputes that she owes the amounts asserted and contends that she "only borrowed approximately $65,000 over a 7 year time period (early 1990s)," DOE records indicate otherwise. Record Document 3. DOE records include correspondence from LaBorde with a receipt stamp of August 22, 2000, in which LaBorde acknowledged that six of the loans had an unpaid balance of $83,214.52 and that two other loans had an unpaid balance of $1,431.87. <u>See</u> Record Document 5, Ex. C.

## III. CONCLUSION

The government's motion for summary judgment is **GRANTED**. Judgment shall be entered against LaBorde including accrued interest to the date of this judgment, together with all costs of these proceedings, including filing fees allowed pursuant to 28 U.S.C. § 2412(a)(2). The government is **ORDERED** to submit to this court a proposed judgment within fourteen days of the date of this ruling. In the proposed judgment, the calculation of the principal submitted by the government should indicate a decrease of $20,378.96, the amount conceded by the government to be collection costs that have no supporting evidence or documentation. See supra note 2.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of December, 2010.



JUDGE TOM STAGG